## Harvey Perry *vs.* Thomas Man.

The truth of the charge is a good defence in an action for a Libel.

The plaintiff having been engaged in selling spirituous liquors in violation of law and having been convicted of the offence, was termed, in a printed circular, a " *convicted felon ;*" the Court charged that if these terms, taken in connexion with the context and the evidence in the cause, would be understood by the public to mean only an offender against the license law, they were no cause of action.

This is an action for libel. The plaintiff grounds his action mainly upon the following expressions, published by the defendant in a printed circular, viz : " What do you think of a man who, charged with selling liquor without a license, would sit down beside the witness stand, awaiting an acquittal at the hands of a man who he knew was committing downright perjury at his instigation, to

shield himself from the deserved penalty of the law."
And also : " Besides you are a legally convicted felon,
and uttering the truth under such circumstances, as has
been twice decided by distinguished Judges of other
States, I feel to be sufficient justification." The circular
was principally aimed against the plaintiff, as a trafficer
in liquor without license, and was throughout extremely
caustic and virulent.

Evidence was put in to show that the defendant was
actuated by malicious motives in publishing the circular ;
that he had previously published a writing against the
plaintiff, for which he had been indicted ; that he had
assiduously circulated the present writing, and had been,
before and since its publication, uniformly abusive and
violent in his language in regard to the plaintiff.

The defendant put in proof that the plaintiff was, at
the time his circular was published, engaged in trafficking
in liquors, and that he had been convicted in a trial
upon the charge of violating the license law. . A state-
ment of the Attorney General was read, that during the
trial of one of the indictments against Mr. Perry, for vio-
lating the license law, his bar-keeper had sworn, in the
presence of Perry, that he had never known any liquor
to be sold on his premises ; that Perry showed evident
signs of excitement and dissent at the testimony ; and,
afterwards, when the Attorney General was proceeding
to indict the witness, had come to him, stating that the
testimony was untrue, and making such explanations,
that he did not deem it advisable to press the prosecu-
tion.

HAZARD & JENCKES, for the plaintiff.

BRADLEY, for the defendant.

Harvey Perry *vs.* Thomas Man.

GREENE, C. J. charged the jury.

The matters complained of in the declaration as libel-lous, may be divided into two classes. In the one, the plaintiff is charged with the crime of subornation of per-jury, and is also called a convicted felon ; in the other, with matters and things, which, though not amounting to crime, yet tend, as is contended by his counsel, to dis-grace and degrade him in the public estimation. To charge a man with crime is libellous ; and so it is to charge him with that which, though not criminal, yet degrades him in the eyes of the public, and exposes him to con-tempt. The defence to the charge of subornation of per-jury is, that it is substantially true. If this be proved it is a good defence. The same defence is made to the charge of being a legally convicted felon. The defend-ant has offered evidence, that the plaintiff has been con-victed of selling spirituous liquors in violation to the li-cense law, and contends that it is as a convicted offender under the license law, that the terms " convicted felon" are applied to him. At common law, the term felony comprehends a large class of high crimes, as well as those of a less atrocious character. A felony at common law always drew after it a forfeiture of goods and chattels. A violation of the license law is a misdemeanor. If the jury think the term " convicted felon" in the publica-tion, taken in connexion with the context and with the evidence in the cause would be understood by the pub-lic to mean only an offender against the license law, then the plaintiff has no cause of action for this part of the publication. If, on the other hand, the jury think the terms are to be understood in the strictly legal and tech-nical sense, then the defence of this part of the publica-tion fails. With regard to that part of the publication,

which is complained of as tending to degrade the plaintiff, and expose him to the contempt of the community, if the jury find that this is said of the plaintiff as seller of spirituous liquors in violation of the license law, then the plaintiff has no cause to complain. It is no matter how severe and unreasonable the strictures may be upon his conduct and motives, if they apply to him as a man engaged in an illegal traffic. A man, whose business is in violation of law, cannot apply to the law to protect him from strictures on his illegal conduct. But if the jury think this part of the publication applies to the plaintiff as a man and not as a dealer in spirituous liquors, then the defence to this part of the publication fails.

If the jury think the defendant has made out his defence to all the matters which have been before stated, then he is entitled to a verdict. But if otherwise, then comes the question of damages, and the jury will be justified to give such damages as they think proper. It is entirely in their discretion.